NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULA L. WHITTIER,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No. 20-56149

D.C. No. 8:19-cv-01521-VEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Victor E. Bianchini, Magistrate Judge, Presiding

Submitted February 18, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and LASNIK,[***] District Judge.

Paula Whittier appeals the district court's order affirming the Commissioner

of Social Security's denial of her application for disability insurance benefits under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Title II of the Social Security Act. "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (simplified). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the ALJ's discounting of Whittier's testimony because her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the record. The ALJ may "reject[] the claimant's testimony," especially when she "specifically make[s] findings which support [the] conclusion" that the "claimant's allegations of severity [is] not credible." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). The ALJ made specific findings that Whittier's testimony was "not corroborated by the evidence in the record." The ALJ noted that Whittier's daily activities and treatment contradicted her description of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (assessing whether the claimant engages in daily activities inconsistent with the alleged symptoms and whether the claimant takes medication or undergoes other treatment for the symptoms). Whittier could perform light household chores, prepare meals, drive a car, take care of a dog, go grocery shopping, and take walks. The ALJ also noted Whittier's non-compliance with treatment recommendations and her failure to show up for medical appointments.

2

Whittier also denied a history of substance abuse in 2015, but later records noted that she was addicted to alcohol between 2004 and 2011. Finally, an examining orthopedic surgeon, Dr. Sofia, noted that Whittier was "hid[ing] the nature of the original injury" and "inflat[ing]" the difficulties of daily activities. Such evidence taken as a whole provides a "clear and convincing" reason to discount Whittier's testimony. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

2. Substantial evidence supports the ALJ's reasons for assigning different weights to different medical opinions in the record. The ALJ assigned more weight to opinions that corroborated the objective medical evidence, and less weight to opinions that contradicted it. For example, the ALJ gave significant weight to the State agency medical consultants and Dr. Sofia, who provided opinions consistent with the medical evidence, including the MRI of the lumbar spine and the physical examinations reflecting few musculoskeletal or neurological deficits. By contrast, the ALJ gave little weight to the reports of Drs. Geiger, Alevizos, Mattar, and Wolf because the restrictions they suggested were not supported by the evidence in the record, such as the MRI and her unremarkable physical examinations. The ALJ also considered evidence from Drs. Ali and Oliai and Palomar Medical Centers as part of the record, even though not explicitly mentioned in the ALJ's decision. And the ALJ addressed each of the symptoms Whittier was reporting and the causes of those symptoms, so it was not necessary to address that particular evidence.

As for the "other" physicians that the ALJ allegedly ignored, Whittier does not provide any doctor names or citations. We do not consider this claim. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief. . . . A bare assertion of an issue does not preserve a claim.") (simplified).

3. Substantial evidence also supports the ALJ's conclusion that Whittier did not satisfy the criteria for Medical Listings 12.04 and 12.06. The ALJ considered and cited medical opinions in the record to show that Whittier did not have a marked limitation in any of the areas required for the Medical Listings. For example, the ALJ determined that Whittier had "a moderate limitation in understanding, remembering or applying information" based on evidence provided by Drs. Greenzang, Rowan, and Adamo. In making that determination, the ALJ disagreed with another medical expert, Dr. Valette, that Whittier had no limitation in the area. Whittier's claim that the ALJ "cherry-picked" evidence merely restates her view that the ALJ improperly weighed the medical evidence in the record. But Whittier has failed to show that any error was material to the determination of nondisability. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

**AFFIRMED.**

4